IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMIE MENDEZ CUELLAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-237 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY**
**PETITION FOR A WRIT OF HABEAS CORPUS**

On November 26, 2013, petitioner filed with this Court a petition for a writ of habeas corpus challenging prison disciplinary proceeding 20130309501, which occurred July 8, 2013. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas petition was filed, petitioner remained incarcerated at the Clements Unit.

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). If a prisoner contends his unit of incarceration has deprived him of his liberty without due process during the course of a disciplinary proceeding, he may seek relief in federal court via a habeas corpus petition. *Id.* at 557, 94 S.Ct. at 2975. However, when a prisoner presents a federal habeas corpus petition challenging a prison disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction

which included a forfeiture of previously accrued good-time credits. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In line eighteen of his habeas corpus petition, petitioner indicated he lost thirty days of good-time credit as a result of the disciplinary proceeding. He further indicated, in line sixteen of the petition, that he is eligible for mandatory supervised release. Although petitioner did not include the details of his holding offense in the petition, review of the Texas Offender Detail Database reflects petitioner is confined pursuant to a ninety-nine-year sentence for a 1999 conviction for aggravated sexual assault out of Howard County, Texas. In a response to the Court's Order to Submit an Advisory, petitioner stated he has, in fact, been convicted of aggravated sexual assault offense.

As of the date petitioner committed his offense, a prisoner serving a sentence for or previously convicted of aggravated sexual assault and could not be released to mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(8). Consequently, despite his claim otherwise, petitioner is not eligible for release on mandatory supervision. *See id.* Accordingly, petitioner is may not challenge the result of the prison disciplinary proceeding by federal habeas corpus, and the instant petition must be denied. *See Malchi*, 211 F.3d at 958.

## **RECOMMENDATION**

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition of a writ of habeas corpus filed by petitioner JAMIE MENDEZ CUELLAR be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED this 9th day of January, 2014.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).